FILED

# IN THE UNITED DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

NOV  9 2006

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| **SHERRI MCSWAIN,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO.** *1:06CV 1009-WKW* |
| | ) | |
| **PROVIDENT LIFE AND** | ) | |
| **ACCIDENT INSURANCE** | ) | |
| **COMPANY, A DIVISION** | ) | |
| **OF UNUMPROVIDENT** | ) | |
| **CORPORATION, INC.** | ) | |
| **A CORPORATION, JOHN** | ) | |
| **DOE, RICHARD DOE,** | ) | |
| **A, B, C, PARTNERSHIPS** | ) | |
| **AND X, Y, Z CORPORATIONS,** | ) | |
| **BEING THE PERSONS,** | ) | |
| **PARTNERSHIPS, OR** | ) | |
| **CORPORATIONS WHO** | ) | |
| **COMMITTED THE ACTS** | ) | |
| **SPECIFIED IN THIS** | ) | |
| **COMPLAINT ALLEGING** | ) | |
| **VIOLATIONS OF THE** | ) | |
| **EMPLOYEE RETIREMENT** | ) | |
| **INCOME SECURITY ACT,** | ) | |
| **ALL OF WHOSE TRUE NAMES** | ) | |
| **AND IDENTITIES ARE** | ) | |
| **OTHERWISE UNKNOWN TO** | ) | |
| **THE PLAINTIFFS AT THIS** | ) | |
| **TIME BUT WILL BE ADDED** | ) | |
| **BY AMENDMENT WHEN** | ) | |
| **ASCERTAINED.** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT

Comes now the Plaintiff and represents to the Court as follows:

1.    Plaintiff, Sherri McSwain, resides at 16685 Cottonwood Road, Gordon, 36343, Houston County, Alabama.

2.    Defendant, Provident Life and Accident Insurance Company is a division of UNUMPROVIDENT Corporations, Inc., Chattanooga, Tennessee, with its registered agent being The Corporation Company, 2000 Interstate Parkway, Suite 204, Montgomery, Alabama 36109. Said Defendant is licenced and authorized to do business in the State of Alabama. At the time of the occurrences made the basis of this lawsuit, Defendant was authorized to do business in the State of Alabama.

3.    The unknown or fictitious Defendants named herein are those persons, partnerships, associations, or corporations who committed the acts giving rise to damages under the Employee Retirement Income Security Act on the times and occasions alleged in this complaint, all of whose true names and identities are otherwise unknown to the Plaintiff at this time, but will be added by amendment when ascertained.

4.    This action against the Defendant is brought to recover damages pursuant to the Employee Retirement Income Security Act, Title 29, U.S.C.A. § 1132 (a)(1)(B) et. seq.  Damages are in excess of $50,000.

5.    Jurisdiction is conferred on this Court by the Employee

2

Retirement Income Security Act, 29 U.S.C.A. § 1132 (e)(1).

6.    All terms and definitions stated herein shall be defined as provided by the Employee Retirement Income Security Act.

## COUNT ONE

7.    Plaintiffs reallege and reincorporate paragraphs 1. through 6. as if restated in full herein.

8.    While employed by Southeast Alabama Medical Center, in Dothan, Alabama, Plaintiff, Sherri McSwain, had Long Term Disability benefits under a plan sponsored by Southeast Alabama Medical Center, with Defendant, Provident Life and Accident Insurance Company, as administrator of said plan, and insurer of said benefits.

9.    Plaintiff, Sherri McSwain, became totally disabled, as defined by the plan described herein above, in February 2004, and has remained totally disabled, as defined by said plan, up to the present time.

10.    Defendant paid Plaintiff total disability benefits pursuant to the plan, from February, 2004, to May, 2006.

11.    On or about May 11, 2006, Defendant terminated Plaintiff's disability benefits under the plan, and has refused to pay Plaintiff these benefits since that time, even though Plaintiff has remained totally disabled as defined by the plan, up to the present time.

3

12.  Defendant's termination of Plaintiff's benefits was arbitrary and capricious.

13.  Plaintiff, Sherri McSwain, has exhausted all administrative remedies.

14.  Plaintiff, Sherri McSwain, is entitled to *de novo* review of the decision to deny her continued benefits, unless the plan referred to herein above contains express language granting the plan administrator discretion to determine all questions of coverage and eligibility.

15.  If said plan has express language granting the plan administrator such discretion, Plaintiff is entitled to a heightened arbitrary and capricious standard of review, due to Defendant's inherent conflict of interest as administrator and insurer of the plan.

16.  Defendant's termination of Plaintiff's disability benefits entitles Plaintiff to relief pursuant to § 1132 (a)(1)(B), et. seq., of the Employee Retirement Income Security Act.

WHEREFORE, Plaintiff, Sherri McSwain, prays for appropriate equitable relief, compensatory damages, attorney's fees and costs.

Done this the _8th_ day of _November_, 2006.

_Sherri McSwain_
SHERRI MCSWAIN

4

_(signature)_

JOSEPH W. LEWIS (LEW 048)
JOHN E. BYRD, JR. (BYR 020)
Attorneys for Plaintiff
P.O. Box 536
Dothan, Alabama 36302
(334) 794-0759
(334) 792-0163 fax

**STATE OF ALABAMA,**

**HOUSTON COUNTY.**

Before me, the undersigned authority, in and for said State and County, personally appeared Sherri McSwain, who being by me first duly sworn, deposes and says that she is the Plaintiff in the above-styled complaint and that the facts contained in said complaint are true and correct to the best of her knowledge, information, and belief.

Sworn and subscribed before me on this the _8th_ day of _November_, 2006.

_(signature)_

NOTARY PUBLIC
My Commission Expires: _8/10/10_

Serve Defendant at:

The Corporation Company
UNUMPROVIDENT Corporation
2000 Interstate Parkway, suite 204
Montgomery, Alabama 36109

5