IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERRI McSWAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:06 CV-1009-WKW |
| ) | |
| PROVIDENT LIFE AND ) | |
| ACCIDENT INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

The Defendant improperly identified in the Complaint as Provident Life and Accident Insurance Company[1] answers the Complaint of Plaintiff Sherri McSwain as follows:

### ADMISSIONS AND DENIALS

1. Provident Life lacks sufficient personal knowledge or information to form a belief as to the truth of the averments of Paragraph 1 and therefore denies the averments of Paragraph 1 and demands strict proof thereof.

2. Provident Life admits that at all relevant times it and Unum Life were and are insurance companies doing business in the State of Alabama and are

---

[1] Unum Life Insurance Company of America ("Unum Life") issued the applicable policy and is the only proper Defendant.

authorized to do so. Provident Life denies that it is the proper Defendant in this case because it did not issue the applicable policy or make any claims decisions in this case.

3. Paragraph 3 of the Complaint does not require a response from Provident Life. To the extent that a response is required, Provident Life denies the remaining averments of Paragraph 3 and demands strict proof thereof.

4. Provident Life admits that the claims and relief sought in this lawsuit are governed solely by ERISA, and that ERISA grants this Court jurisdiction over this matter. Provident Life denies the remaining averments of Paragraph 4 and demands strict proof thereof.

5. Provident Life admits that the claims and relief sought in this lawsuit are governed solely by ERISA, and that ERISA grants this Court jurisdiction over this matter.

6. Provident Life admits that ERISA and the terms of the applicable policy issued by Unum Life define all relevant policy terms. To the extent that Paragraph 6 states any additional averments, Provident Life denies the remaining averments of Paragraph 6 and demands strict proof thereof.

7. Provident Life adopts and incorporates its responses to paragraphs 1 through 6 of this Answer as if fully stated herein.

8. Provident Life admits that Plaintiff was a participant in Southeast

Alabama Medical Center long-term disability plan; that the long-term disability plan was issued by Unum Life Insurance Company of America to Southeast Alabama Medical Center; that the Unum Life plan is a group benefits plan governed by ERISA; and that plan benefits were available to plan participants who qualified under the terms of the Unum Life plan. Provident Life denies the remaining averments of Paragraph 8 and demands strict proof thereof.

9.   Provident Life denies the averments of Paragraph 9 and demands strict proof thereof.

10.   Provident Life admits that the terms of the applicable Unum Life policy speak for themselves, that Unum Life paid Plaintiff benefits for a period of time, and that Unum Life determined that Plaintiff was no longer eligible for benefits under the terms of the plan, and that Unum Life communicated this determination to Plaintiff by letter dated May 11, 2006. Provident Life denies the remaining averments of Paragraph 10 and demands strict proof thereof.

11.   Provident Life admits that Unum Life determined that Plaintiff was no longer eligible for benefits under the terms of the plan, and that Unum Life communicated this determination to Plaintiff by letter dated May 11, 2006. Provident Life denies the remaining averments of Paragraph 11 and demands strict proof thereof.

12.   Provident Life denies the averments of Paragraph 12 and demands

strict proof thereof.

13. Provident Life denies the averments of Paragraph 13 and demands strict proof thereof.

14. Provident Life admits that the applicable Unum Life policy speaks for itself, that the Unum Life policy grants Unum Life discretionary authority to determine Plaintiff's eligibility for benefits and to interpret the terms and provisions of the policy, and that the applicable standard of review is determined by applicable federal law. Provident Life denies that Unum Life has a conflict of interest and the remaining averments of Paragraph 14 and demands strict proof thereof.

15. Provident Life admits that the applicable Unum Life policy speaks for itself, that the Unum Life policy grants Unum Life discretionary authority to determine Plaintiff's eligibility for benefits and to interpret the terms and provisions of the policy, and that the applicable standard of review is determined by applicable federal law. Provident Life denies that Unum Life has a conflict of interest and the remaining averments of Paragraph 15 and demands strict proof thereof.

16. Provident Life denies the averments of Paragraph 16 and demands strict proof thereof.

## GENERAL DENIAL

Provident Life denies every allegation in the Complaint not specifically admitted herein and denies that Plaintiff is entitled to any recovery from any Defendant in this action.

## FIRST DEFENSE

Plaintiff's allegations are completely preempted by ERISA.

## SECOND DEFENSE

Plaintiff's Complaint and each claim therein, separately and severally, fail to state claims upon which relief can be granted against this Defendant.

## THIRD DEFENSE

Under applicable standard of review pursuant to ERISA, Unum Life made the correct decision, and its actions were not arbitrary and capricious.

## FOURTH DEFENSE

Plaintiff has failed to satisfy condition(s) precedent to recovery under the plan.

## FIFTH DEFENSE

Plaintiff is not entitled to any future damages.

## SIXTH DEFENSE

Plaintiff's claims are barred or reduced, in whole or in part, by benefits she has received or obtained and for which she is not or was not eligible.

## SEVENTH DEFENSE

Plaintiff is not entitled to any equitable relief.

## EIGHTH DEFENSE

Any recovery due Plaintiff is limited solely to recovery expressly allowed by ERISA.

## NINTH DEFENSE

Plaintiff is not entitled to a jury trial as to any of his claims.

## TENTH DEFENSE

Defendant pleads the defense of setoff.

## ELEVENTH DEFENSE

Defendant pleads the defense of recoupment of any and all overpayments of benefits.

## TWELFTH DEFENSE

Defendant pleads that it is entitled to a credit for any overpayments made to Plaintiff pursuant to the terms of the insurance policy.

## THIRTEENTH DEFENSE

Defendant pleads that it did not issue the policy in question or make any claims decisions.

Respectfully submitted,

s/ **John S. Johnson**
JOHN S. JOHNSON

Bar ID ASB-7114-H67J

OF COUNSEL:
HAND ARENDALL, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Telephone: (205) 324-4400
Facsimile: (205) 397-1307
E-mail: jjohnson@handarendall.com

HENRY T. MORRISSETTE
Bar ID ASB-7622-E54H

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Telephone: (251) 432-5511
Facsimile: (251) 694-6375
E-mail: hmorrissette@handarendall.com

Attorneys for Provident Life & Accident Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERRI McSWAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:06 CV-1009-WKW |
| | ) |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Joseph W. Lewis    bblbjlaw@centurytel.net
John E. Byrd, Jr.
P.O. Box 536
Dothan, Alabama 36302

s/ **John S. Johnson**
OF COUNSEL
