IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERRI McSWAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:06 CV-1009-WKW |
| ) | |
| PROVIDENT LIFE AND ) | |
| ACCIDENT INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## REPORT OF THE PARTIES' PLANNING MEETING

COME NOW the parties to the above-captioned case, and hereby file their Report of the Parties' Planning Meeting held pursuant to FED. R. CIV. P. 26(f) and the Orders of this Court. For their report of said meeting, the parties jointly state the following:

1. Pursuant to FED. R. CIV. P. 26(f), a meeting was held on December 19, 2006, between Joseph W. Lewis for Plaintiff Sherri McSwain, and John S. Johnson for the Defendant improperly styled as Provident Life and Accident Insurance Company.

2. <u>Pre-Discovery Disclosures</u>. The parties will exchange by January 19, 2007, information required by FED. R. CIV. P. 26(a)(1).

3. <u>Discovery Plan</u>. The parties propose to the court the following discovery plan:

    a) Discovery will be needed on the following subjects:

        (1) Plaintiff's claim for damages and benefits; and
        (2) Defendant's defenses.

    It remains Defendant's position that, because the policy at issue in this ERISA case gives Unum Life Insurance Company of America discretionary authority to determine eligibility for benefits and interpret the terms and provisions of the policy, the Court's review is limited to the administrative record, which will be disclosed with the initial disclosures. For that reason, it is Defendant's position that no discovery should be allowed in this case, with the possible exception of the reviewed additional information concerning Plaintiff's earnings and other financial information that would be pertinent to Plaintiff's ongoing claim.

    b) Disclosure or discovery of electronically stored information should be handled as follows:

        (1) To the extent that electronically stored information is discoverable, such information shall be produced in a format in which it is kept as long as that format is viewable by the requesting party. If the format in which such information is kept is not viewable by the requesting party, the information shall be produced in a format that is viewable by the requesting party.

        (2) The producing party will bear the costs of producing its electronically stored information, unless that party determines that the cost of such production will be unduly burdensome or unduly expensive. If the cost of such production is unduly burdensome or

unduly expensive, the requesting party shall bear the costs of producing the electronically stored information.

(3) The parties have also agreed to handle claims of privilege or of protection as trial-preparation material asserted after production, as follows:

(a) If information is inadvertently produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the issue to the court for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until any claim is resolved.

(b) The parties also agree that if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain return of the materials *without waiver of the privilege*. The receiving party cannot assert that the inadvertent production constitutes a waiver of privilege.

c) All discovery commenced in time to be completed by August 31, 2007.

d) Maximum of thirty interrogatories by each party to any other party. Responses due thirty days after service.

e) Maximum of thirty requests for admission by each party to any other party. Responses due thirty days after service.

f) Maximum of thirty requests for production by each party to any other party. Responses due thirty days after service.

g) Maximum of five depositions by Plaintiff and five depositions by Defendant. Each deposition limited to a maximum of seven hours, unless extended by agreement of the parties. This limitation will not apply to Plaintiff's deposition or to Defendant's 30(b)(6) deposition.

h) Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff by May 1, 2007; and
from Defendant by June 1, 2007.

4. <u>Other Items</u>.

a) The parties do not request a conference with the Court before entry of the scheduling order.

b) Plaintiff should be allowed until March 1, 2007, to join additional parties and to amend the pleadings.

Defendant should be allowed until April 1, 2007, to join additional parties and to amend the pleadings.

c) All dispositive motions should be filed by August 31, 2007.

d) While the parties continue to explore the possibility of the early resolution of this case, the suitability of the case for mediation cannot be evaluated prior to further discovery.

  e) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from each party thirty days before trial.

  f) The parties should have ten days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

  g) The case should be ready for trial by December 10, 2007. The trial is expected to take three days.

Dated this 27th day of December, 2006.

/s/ Joseph W. Lewis_____  
JOSEPH W. LEWIS  
JOHN E. BYRD, JR.  
P.O. Box 536  
Dothan, Alabama 36302  
Telephone: (334) 794-0759  
E-mail: joelewislaw@yahoo.com

/s/ John S. Johnson_____  
JOHN S. JOHNSON  
HAND ARENDALL, L.L.C.  
2001 Park Place North, Suite 1200  
Birmingham, Alabama 35203  
Telephone: (205) 324-4400  
E-mail: jjohnson@handarendall.com