IN THE UNITED DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERRI MCSWAIN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE NO.: 1:06-CV-1009-WKW |
| | ) |
| UNUM LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| DEFENDANT. | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT UNUM LIFE INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER AND OBJECTION TO PLAINTIFF'S EXPERT

Comes now the Plaintiff, Sherri McSwain, in the above-styled cause, and respectfully moves this Court to deny Defendant Unum Life Insurance Company's ("Unum Life") Motion for Protective Order which would exclude the expert previously designated by the Plaintiff, and which would prohibit the Plaintiff from requesting or using any testimony, any documents, and any other evidence not contained in the administrative record at the time Unum Life made its claim decision regarding Ms. McSwain, for the reasons set forth herein.

This Court should deny Unum Life's motion, because it misapprehends the judicial process in ERISA cases, and because it relies on improper legal precedent. The order sought by Unum Life would not

allow the judicial process in this ERISA case to be that prescribed by the Eleventh Circuit and, less broadly, would necessarily rely on precedent from the Northern District of Alabama rather than this district.

In its brief, Unum Life argues that the Court should issue a broad protective order categorically proscribing the Plaintiff from producing any additional evidence not already in the administrative record, to include any additional evidence in any form from the Plaintiff's designated expert, Dr. Michael McClanahan. (Defendant Unum Life Insurance Company's Motion for Protective Order and Objection to Plaintiff's Expert). Unum Life relies primarily on Eleventh Circuit decisions which hold that where an ERISA plan grants discretion to a plan administrator to make benefits determinations, review of the administrator's decision should be pursuant to an arbitrary and capricious standard. (Id., at pp. 3-4). Since the arbitrary and capricious standard of review requires a consideration of only the facts known to the administrator at the time the claims decision is made, Unum Life argues, the rigorous protective order it seeks is appropriate. (Id., at pp. 3-6). Unum Life further argues that the same analysis is applicable, and that the same order should issue, even if the standard of review applied is heightened arbitrary and capricious. (Id., at p. 3).

Whether arbitrary and capricious or heightened arbitrary and capricious applies in the instant case, application of either is only part of a more comprehensive judicial review prescribed by the Eleventh Circuit in ERISA cases, and the order sought by Unum Life would frustrate other aspects of that process.

In *Williams v. Bellsouth Telecomms. Inc., 373 F3d 1132, 1134 (11th Cir. 2004*, the Eleventh Circuit stated a multi-step process, "for use in judicially reviewing virtually *all* ERISA-plan benefit denials:

 (1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" *(i.e.,* the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

 (2) If the administrator's decision in fact is *"de novo* wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

 (3) If the administrator's decision is *"de novo* wrong" and he *was* vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

 (4) If no reasonable grounds exist, then end the inquiry and

reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict of interest, then apply heightened arbitrary and capricious review to the decision to affirm or deny it."

The order sought by Unum Life would clearly frustrate the ability of this Court to determine if its decision to deny Ms. McSwain benefits was "*de novo* wrong." Surely Unum Life Cannot contend that where *de novo* is the standard of review, admissible evidence should be limited to the existing administrative record. Moreover, whether arbitrary and capacious or heightened arbitrary and capricious is applicable in the instant case will not be apparent until this Court has applied the foregoing review process. Thus, the possibility exists that a heightened arbitrary and capricious standard of review will be applied at some point to certain evidence before the Court. That this possibility exists is significant in light of the order sought by Unum Life.

Unum Life cites *Wilcox v. Standard Ins. Co.*, 340 F. Supp 1266, 1282 (N.D. Ala. 2004), as authority in support of its argument that even if a heightened arbitrary and capricious standard of review is employed,

4

this review is nonetheless limited to the information before the plan administrator at the time the benefits decision is made. (Id., at p. 5).

A prior decision in the Middle District of Alabama, however, has rejected the sort of categorical ban of additional evidence sought by Unum Life. In *Shipp v. Provident Life and Accident Insurance Company, et al.,* 214 F. Supp. 2d 1244, 1246 (M.D. Ala. 2002), the Court carefully and specifically addressed whether additional evidence might be allowed under a heightened arbitrary and capricious standard of review which would not be admitted under the more deferential arbitrary and capricious standard. In denying Defendant Provident's Motion to Strike, the Court noted:

> "Provident has not cited, nor has the court's own research revealed, any cases stating that a reviewing court may not look outside the administrative record *per se*. Although subtle, the distinction is significant where the evidence at issue is not offered to establish a historical fact, but rather to assist the trier of fact in understanding the manner in which a conclusion was drawn by the plan administrator. Given that McClanahan's opinion is offered primarily for the purpose of calling into question the mode of analysis employed by Provident's expert, the Court finds that this is such a case."

(Coincidentally, the Dr. Michael McClanahan referred to in *Shipp* is apparently the very same expert sought to be categorically barred from

5

giving any additional evidence in the instant case.)

The protective order sought by Unum Life is, therefore, contrary to law at two levels. First, it does not take into account the six-step process prescribed by the Eleventh Circuit in <u>Williams</u>, supra, in that it seeks to have banned additional evidence which might be warranted and admissible as part of the Court's determination of whether denial of benefits in this case was "*de novo* wrong." Also, Unum Life relies on a Northern District holding in *Wilcox* to support its argument that nothing outside the existing administrative record is admissible under a heightened arbitrary and capricious standard of review when there is, in fact, a prior Middle District decision, in *Shipp*, supra, which holds definitively otherwise; i.e., that it is entirely possible that the administrative record may be supplemented with additional evidence pursuant to a heightened arbitrary and capricious standard if conditions warrant. *Shipp*, supra, at 1246.

Accordingly, Defendant Unum Life's Motion for a Protective Order to exclude Plaintiff's expert and to prohibit Plaintiff from requesting or using any testimony, any documents, and any other evidence not contained in the administrative record at the time Unum Life made its claims decision should be denied.

Respectfully submitted this the 21st day of June, 2007.

/S/ Joseph W. Lewis
JOSEPH W. LEWIS (LEW048)
JOHN E. BYRD, JR (BYR 020)
Attorneys for Plaintiff
P.O. Box 536
Dothan, Alabama 36302
(334) 794-0759
(334) 792-0163 fax

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing upon the Honorable John S. Johnson, Hand Arendall, L.L.C., 1200 Park Place Tower, 2001 Park Place North, Birmingham, Alabama 35203, and Honorable Henry T. Morrissette, Hand Arendall, L.L.C., P.O. Box 123, Mobile, Alabama 36601 by placing a copy of same properly addressed and postage pre-paid in the U.S. Mail.

Done this the 21st day of June, 2007.

/S/ Joseph W. Lewis
JOSEPH W. LEWIS
Attorney at Law