IN THE UNITED DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERRI MCSWAIN, | ) |
| | ) |
|    PLAINTIFF, | ) |
| | ) |
| VS. | )CASE NO.: 1:06-CV-1009-WKW |
| | ) |
| PROVIDENT LIFE AND | ) |
| ACCIDENT INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|    DEFENDANTS. | ) |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff in the above-styled cause and file this her Brief in Support of her Motion in Opposition to Defendant Provident Life and Accident Insurance Company's Motion for Summary Judgment:

## STATEMENT OF FACTS

Plaintiff, Sherri McSwain suffered an on the job injury on or about November 13, 2003, while employed by Southeast Alabama Medical Center in Dothan, Alabama. Ms. McSwain suffered a ruptured disc in her back, and subsequently underwent fusion surgery at the L5-S1 level. (Defendant's Exhibit 2, at UACL01019). At the time of her injury, Ms. McSwain's employer provided her with both Voluntary Workplace Benefits disability insurance and group long-term disability insurance,

the latter provided by Defendant, Unum Life Insurance Company of America ("Unum Life"). Ms. McSwain received disability benefits through the first policy from January 23, 2004 through July 23, 2004. (Defendant's Brief in Support of its Motion for Summary Judgment, at p. 3). She received long-term disability through the second policy from June, 2004 through May, 2006, at which time Defendant, Unum Life, denied her claim for further long term disability benefits. (Defendant's Exhibit 2, at UACL00251, UACL00965). This litigation ensued.

## ARGUMENT

The Court should deny Defendant Unum Life's Motion for Summary Judgment, because Defendant has failed to show the absence of a genuine issue of material fact with regard to whether its decision to deny Plaintiff, Sherri McSwain, Long Term Disability benefits was wrong, and with regard to whether there was any reasonable basis for said decision, where Defendant made its decision subject to a conflict of interest.

Summary judgment can be entered on a claim only if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Diefenderfer v. Ford Motor Co., 916 F. Supp. 1155 (M.D. Ala. 1995). Summary judgment is improper if the dispute upon a material fact is genuine, that is, if the

2

evidence is such that a reasonable jury could return a verdict for the nonmovant. *Alford v. City of Montgomery*, 879 F. Supp. 1143 (M.D. Ala. 1995).

As Defendant concedes in its Brief in Support of its Motion for Summary Judgment, the standard of review applicable to its decision to deny Ms. McSwain benefits is the "heightened arbitrary and capricious standard". (Defendant's Brief in Support of its Motion for Summary Judgment, at pp. 12-13, fn. 4). A six-step process for applying this standard was set forth by the 11th Circuit in *Williams v. Bellsouth Telecomns, Inc.*, 373 F3d 1132, 1134 (11th Cir. 2004):

> "(1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" (*i.e.,* the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is *"de novo* wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is "*de novo* wrong" and he *was* vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end

the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict of interest, then apply heightened arbitrary and capricious review to the decision to affirm or deny it."

The applicable policy in this case provides that long term disability exists when:

After 24 months of payment, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation **for which you are reasonably fitted by education, training or experience**.

(Emphasis added). (Defendant's Exhibit 3, at LTD-BEN-1).

Defendant first contends that its decision to deny Ms. McSwain benefits was correct pursuant to the first step of the Williams analysis. In its brief, Defendant itemizes the evidence it contends shows the absence of a genuine issue of material fact as follows:

"- Plaintiffs treating neurosurgeon, Dr. Voss, noted that Plaintiffs prognosis for returning to work was "good." Exhibit 2 at UACL00828-829.

- In December 2005, physical therapists who performed an FCE on Plaintiff found that she was capable of performing work with sedentary to light

4

physical demands. Exhibit 2 at UACL00877.

- In January 2006, another of Plaintiff's treating physicians deferred to Dr. Voss for any restrictions or limitations on Plaintiff. Exhibit 2 at UACL00851-852.

- In February 2006, the physical therapists who performed Plaintiff's FCE noted that she had a 10% impairment rating. Exhibit 2 at UACL00908.

- On April 5, 2006, Dr. Voss agreed with the FCE and provided no further restrictions and limitations on Plaintiff. Exhibit 2 at UACL00950.

- On April 7, 2006, Dr. Voss told Plaintiff he did not find her disabled and was not restricting her from working. Exhibit 2 at UACL01448.

Unum Life had a board certified orthopedic surgeon, two nurses and two vocational specialists review the medical records submitted by Plaintiff. These medical and vocational personnel concluded that:

- Plaintiff could perform the duties of a school or office nurse or a hospital admitting clerk. Exhibit 2 at UACL00839-840, 953, 1614-1615.

- Plaintiff could walk and stand occasionally and sit frequently.

- The assessment that Plaintiff was 100% vocationally disabled was based mostly on Plaintiff's self-reported perception of her abilities. Exhibit 2 at UACL01520.

- There was no objective evidence that Plaintiff's condition had deteriorated since the December 2005 FCE in which physical therapists determined she was

5

> capable of performing sedentary to light physical job duties. Exhibit 2 at UACL01520.
>
> Despite a lack of objective data to support Plaintiffs claim, Unum Life submitted the claim for an independent medical record review by Dr. Victoria Langa. Exhibit 2 at UACL01543. Dr. Langa concluded that Plaintiff was capable of performing work in the sedentary to light range. Exhibit 2 at UACL01583."

(Defendant's Brief in Support of its Motion for Summary Judgment, at pp. 1476).

Defendant thus goes to great lengths to obscure the most important objective fact of this compilation: that Ms. McSwain's Functional Capacity Evaluation (FCE) says that Ms. McSwain is unable to perform her occupation as a nurse. (Defendant's Exhibit 2, at UACL00877). Defendant repeatedly cites the FCE, as well as Dr. Voss, as evidence to support its position when, in fact, that evidence supports Ms. McSwain. Dr. Voss has stated unequivocally that he agrees with the findings of the FCE. Id., at UACL00950. Accordingly, Dr. Voss agrees that Ms. McSwain is unable to perform her job as a registered nurse (RN). Id., at UACL0877. Defendant's contention that "....Dr. Voss told Plaintiff he did not find her disabled and was not restricting her from working" is blatantly disingenuous. Closer examination of the evidentiary item cited indicates that Dr. Voss simply communicated to Ms. McSwain that he himself does not make disability determinations, but rather defers to the FCE to which

6

he refers patients. Id., at UACL01448. Dr. Voss has indicated that he does in fact concur with the FCE performed on Ms. McSwain. Id., at UACL00950. The simple truth of the matter is that, via this deference, Dr. Voss does find Ms. McSwain to have a disability and unable to perform her previous job as a registered nurse (RN). None of the vocational or medical experts employed by Defendant to review Ms. McSwain's case dispute the findings of the FCE. The only real item of evidence set forth by Defendant to support its position is the report of a Christy Searcy, who is apparently an employee of the Defendant. Id., at UACL953. Ms. Searcy maintains that Ms. McSwain is capable of performing the duties of a school nurse or office nurse or hospital intake clerk. Id., at UACL00839-840, 953, 1614-1615. These are tasks within the light to sedentary range, which the FCE indicates Ms. McSwain is capable of performing. Id., at UACL0877. However, the FCE also notes that these tasks are **within** the overall DOT job description of RN, which has a medium demand level, which Ms. McSwain does not meet. Id.

    Ms. McSwain is a registered nurse by training, education, and experience. Since becoming a nurse some 10 years ago, Ms. McSwain has worked exclusively as a hospital nurse. Id., at UACL01020. The DOT job description for RN cited by the FCE means that the job for which Ms. McSwain is suited by education, training, and experience is beyond her ability. The physical

7

therapists who prepared the FCE report say so clearly. Id., at UACL0877. By asserting that Ms. McSwain could perform the job of school or office nurse or hospital clerk, Defendants apparently would have some employer customize a nursing job to fit Ms. McSwain's abilities. Common sense dictates that the overwhelming number of nursing jobs available are those in hospital settings, and that even in those nursing jobs outside the hospital setting, the physical demand level is significant. This is objectified in that the DOT job description for nurse, in general, exists, and that the physical demand level for this job is medium.

Defendant has failed to present any evidence, other than its own employee's subjective report, to support its claim that its decision to deny Ms. McSwain's benefits claim was correct. Certainly Defendant has not demonstrated the absence of a genuine issue of material fact in this regard. Such an issue is raised, in any event, by the fact that Dr. Michael McClanahan, a vocational expert with more extensive credentials than Ms. Searcy, has found Ms. McSwain to be 100% disabled from a vocational standpoint. Id., at UACL01022-1023.

Defendant next contends that its denial of Ms. McSwain's claim was reasonable under the circumstances. At this stage of the Williams analysis, Defendant must demonstrate that its decision was not arbitrary and capricious.

<u>Williams</u>, supra, 373 F3d 1132, 1134 (11th Cir. 2004).

Defendant completely ignored the findings of Ms. McSwain's FCE, which was adopted by her physician, Dr. Voss. (Defendant's Exhibit 2, at UACL00950). Dr. Voss' decision, in turn, was not disputed by Defendant's own medical experts. Accordingly, Defendant was on notice that the physical therapists who performed the FCE, as well as Dr. Voss, maintain that Ms. McSwain is not capable of performing the job for which she is suited by education, training, and experience, namely, registered nurse. Moreover, none of Defendant's own medical experts disputed this. Nevertheless, Defendant denied Ms. McSwain's claim based on its own employee, Christy Searcy, conjuring up the extremely unlikely scenario that Ms. McSwain could land in the type of job which forms a tiny subset of the entire nursing profession. Id., at UACL00839-840, 953, 1614-1615. There can be no reasonable basis for this, other than it is financially beneficial to the Defendant to deny Ms. McSwain's claim.

Finally, even if Defendant's decision were reasonable under an arbitrary and capricious standard, it could not sustain the same subject to heightened arbitrary and capricious review, as is required in this case. (Defendant's Brief in Support of its Motion for Summary Judgment, at pp. 12-13, fn. 4; <u>Williams</u>, supra, 373 F3d 1132, 1134, (11th Cir. 2004). Under heightened arbitrary and capricious review, the Court applies "a level of deference (and conversely,

9

scrutiny) somewhere between what is applied under the *de novo* and 'regular' arbitrary and capricious standards." Williams, supra, at 1137. Objectively, the only evidence Defendant has set forth to support its decision is Ms. Searcy's claim that Ms. McSwain could be a school or office nurse or hospital intake clerk. This decision was made by Defendant's own employee, acting under a conflict of interest, and is objectively contrary to the findings of all other medical and vocational experts, including Dr. Michael McClanahan. Dr. McClanahan found Ms. McSwain to be 100% vocationally disabled. (Defendant's Exhibit 2, at UACL01022). All other medical experts, either directly or indirectly, deferred to the findings of the FCE, which stated Ms. McSwain is not able to perform the job for which she is suited by education, training and experience. In light of the foregoing, subject to the heightened arbitrary and capricious standard of review, Defendant's decision can only be construed to have been motivated by its own pecuniary interest.

## **CONCLUSION**

The Court should deny Defendant Unum Life's Motion for Summary Judgment, because Defendant has failed to show the absence of a genuine issue of material fact with regard to whether its decision to deny Plaintiff, Sherri McSwain, Long Term Disability benefits was wrong, and with regard to whether there was any reasonable basis for said decision, where Defendant made its

10

decision subject to a conflict of interest.

Plaintiff respectfully requests that the Court deny Defendant's motion.

Respectfully submitted this the 21st day of September, 2007.

/s/ Joseph W. Lewis
JOSEPH W. LEWIS (LEW 048)
Attorney for Plaintiff
P.O. Box 536
Dothan, Alabama 36302
(334)794-0759
(334)792-0163 Fax

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send electronic notification of such filing to the following or I will send in the US mail if not electronically mailed:

**Honorable John S. Johnson**
**Hand Arendall, L.L.C.**
**1200 Park Place Tower**
**2001 Park Place North**
**Birmingham, Alabama 35203**

**Honorable Henry T. Morrissette**
**Hand Arendall, L.L.C.**
**P.O. Box 123**
**Mobile, Alabama 36601**