IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHERRI McSWAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:06 CV-1009-WKW |
| | ) | |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Unum Life Insurance Company of America ("Unum Life"), improperly identified in the Complaint as Provident Life and Accident Insurance Company,[1] filed a Motion for Summary Judgment and supporting brief and evidentiary materials. Plaintiff filed her response. For its reply, Unum Life states as follows:

**REPLY ARGUMENT**

Plaintiff's argument in response to Unum Life's Motion for Summary Judgment misconstrues the "any gainful occupation" provisions of the applicable

---

[1] Unum Life Insurance Company of America ("Unum Life") issued the applicable policy and is the only proper Defendant.

policy, which govern Plaintiff's eligibility for benefits after the 24-month "own-occupation" period expires. For the reasons explained herein and in Unum Life's initial brief, the evidence clearly demonstrates that Plaintiff did not meet the applicable definition of "disability" at the relevant time, and Unum Life asks this Court to enter summary judgment in its favor.

I.  **UNUM LIFE REACHED THE CORRECT DECISION IN DENYING PLAINTIFF'S BENEFITS UNDER THE "ANY GAINFUL OCCUPATION" PROVISIONS OF THE POLICY.**

Plaintiff argues that because she cannot work as a registered nurse at a hospital, she is "disabled" under the terms of the policy. However, Plaintiff's argument misinterprets the applicable definition of "disability."

Unum Life paid Plaintiff "own-occupation" benefits for 24 months (and paid her benefits for an additional two months while Unum Life evaluated her claim under the "any gainful occupation" provisions of the policy). In other words, whether or not Plaintiff could perform the duties of her own occupation as a registered nurse at Southeast Alabama Medical Center during this 24-month period is not at issue. However, the applicable provisions of the policy changed, and Unum Life's analysis of whether or not Plaintiff was "disabled" changed, after the 24-month period expired.

In order to receive disability benefits after the 24-month "own-occupation" period expired, Plaintiff bears the burden of establishing she was not able to

2

perform the duties of **"any gainful occupation"** for which she was qualified by education, training and experience.

> After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

Exhibit 3 at LTD-BEN-1 (emphasis in original). The policy defines "gainful occupation" as "an occupation that is or can be expected to provide you with an income at least equal to your gross disability payment within 12 months of your return to work." Exhibit 3 at Glossary-1.

Plaintiff argues that because she cannot work in her own job as a registered nurse, she is "disabled." *See, e.g.,* Response Brief at p. 7. This argument renders the change in definition to "any gainful occupation" meaningless. Plaintiff's argument may have been accurate before the 24-month "own-occupation" period expired. However, since that period expired, this argument no longer applies.

Instead, Unum Life evaluated Plaintiff's claim to determine if she was capable of performing the duties of **"any gainful occupation"** for which she was reasonably fitted by education, training or experience. The medical evidence submitted to Unum Life, including information from Plaintiff's treating physicians and her FCE, clearly revealed that Plaintiff was capable of performing the duties of

several different "gainful occupations" after the expiration of the 24-month period. Exhibit 2 at UACL00851-852, 877, 908, 965-968.

Plaintiff argues in her response brief that Unum Life has no evidence that Plaintiff is unable to perform the duties of any job (Response Brief at p. 8) and that Unum Life ignored the results of the FCE performed on Plaintiff (Response Brief at p. 9). These arguments completely ignore the very evidence on which Unum Life relies. As explained in Unum Life's initial summary judgment brief, Unum Life correctly denied Plaintiff's claim under the "any gainful occupation" provisions of the policy based on the following evidence from Plaintiff's own treating doctors and therapists:

- In December 2005, physical therapists who performed an FCE on Plaintiff found that she was capable of performing work with sedentary to light physical demands. Exhibit 2 at UACL00877.

- In February 2006, these same physical therapists noted that Plaintiff had only a **10%** impairment rating. Exhibit 2 at UACL00908.

- On April 5, 2006, Dr. Voss agreed with the FCE and provided no further restrictions and limitations on Plaintiff. Exhibit 2 at UACL00950.

- On April 7, 2006, Dr. Voss told Plaintiff he did not find her disabled and was not restricting her from working. Exhibit 2 at UACL01448.

4

Unum Life had a board certified orthopedic surgeon, two nurses and two vocational specialists review the medical records submitted by Plaintiff. These medical and vocational personnel agreed with the assessments of Dr. Voss and the FCE. The vocational personnel further concluded that Plaintiff could perform the duties of a school or office nurse or a hospital admitting clerk, which are "gainful occupations" under the policy.[2] Exhibit 2 at UACL00839-840, 953, 1614-1615. Despite a lack of objective evidence to support Plaintiff's claim, Unum Life even submitted Plaintiff's claim for an independent medical record review, which also confirmed that Plaintiff was capable of performing work in the sedentary to light range. Exhibit 2 at UACL01583.

Based on all of this evidence, Unum Life determined that, while Plaintiff may have been unable to perform her job duties as a registered nurse at Southeast Alabama Medical Center, she could clearly perform the duties of other "gainful occupations." As a result, Unum Life correctly determined that Plaintiff was not eligible for long-term disability benefits under the "any gainful occupation" provisions of the policy. For this reason, the Court should affirm Unum Life's claim decision and enter summary judgment in Unum Life's favor. *See Muzyka v. Unum Life Ins. Co. of Am.*, 195 Fed. Appx. 904, 911 (11th Cir. 2006) (recognizing

---

[2] Plaintiff's argument that Unum Life would require an employer to "customize" a job to fit Plaintiff's abilities is unfounded and conclusory. Response Brief at p. 8. The fact remains that if Plaintiff can perform the duties of "any gainful occupation," customized or not, she is not disabled under the applicable policy provisions. In addition, Plaintiff does not dispute that the occupations satisfy the income requirement necessary to constitute "gainful occupations."

difference between "own occupation" provisions and "any gainful occupation provisions" of policy and affirming summary judgment for defendant, which correctly determined that plaintiff was not disabled from "any gainful occupation" where record contained evidence, including an FCE, that revealed plaintiff was capable of performing light to sedentary work).

## II.  EVEN IF UNUM LIFE'S DECISION WAS INCORRECT, IT WAS REASONABLE UNDER THE "ANY GAINFUL OCCUPATION" PROVISIONS OF THE POLICY.

For the same reasons that Unum Life's decision was correct, the determination that Plaintiff was capable of performing the duties of another "gainful occupation" was, at a minimum, reasonable. As noted, the evidence clearly establishes that Plaintiff is capable of working in several different "gainful occupations" and performing the duties entailed in those occupations. When the record contains ample evidence that Plaintiff is capable of performing the duties entailed in "any gainful occupation," a reasonable interpretation of the plan is that Plaintiff is not "disabled" under the policy and, therefore, not entitled to disability benefits. *See Brown v. Blue Cross & Blue Shield of Ala.*, 898 F.2d 1556, 1568 (11th Cir. 1990) ("Even a conflicted fiduciary should receive deference when it demonstrates that it is exercising discretion among choices which reasonably may be considered to be in the interest of the participants and beneficiaries."). For this reason also, the Court should affirm Unum Life's claim decision and enter summary judgment in Unum Life's favor.

## CONCLUSION

For each of the reasons stated herein and in Unum Life's Brief In Support of Its Motion for Summary Judgment, Unum Life respectfully asks the Court to affirm its claim decision and enter summary judgment in its favor dismissing Plaintiff's claim with prejudice.

Respectfully submitted,

s/ **John S. Johnson**
JOHN S. JOHNSON
Bar ID ASB-7114-H67J

OF COUNSEL:
HAND ARENDALL, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
Telephone:  (205) 324-4400
Facsimile:   (205) 397-1307
E-mail:      jjohnson@handarendall.com

HENRY T. MORRISSETTE
Bar ID ASB-7622-E54H

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Telephone:  (251) 432-5511
Facsimile:   (251) 694-6375
E-mail: hmorrissette@handarendall.com

Attorneys for Defendant improperly styled as Provident Life & Accident Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERRI McSWAIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CASE NO. 1:06 CV-1009-WKW |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Joseph W. Lewis        bblbjlaw@centurytel.net
John E. Byrd, Jr.
P.O. Box 536
Dothan, Alabama 36302

                                                  s/ **John S. Johnson**
                                                  OF COUNSEL